A89A2186. BAKER et al. v. G. T., LTD.
(391 SE2d 1)

BANKE, Presiding Judge.

The appellee, G. T., Ltd., initiated a dispossessory action against the appellants, H. Jac Baker and Martex, Inc., in magistrate court. The appellants counterclaimed to recover damages for wrongful eviction, demanded a jury trial, and moved to transfer the case to state court.

By consent of the parties, an "interim order" was thereafter entered by the magistrate scheduling the possession claim for trial but stating that the counterclaim would be transferred. At the conclusion of the possession trial, the magistrate entered a judgment granting possession of the premises to the appellee and transferring the counterclaim to state court. Included, in the transfer order, however, was a proviso that the costs of the action were to be taxed against appellant Baker, who, since Martex, Inc., had never been incorporated, was determined to be the only viable defendant in the case. Approximately a month later, the magistrate entered an "Order Confirming Dismissal

of Defendants' Counterclaim," stating that because the appellants had failed to comply with a letter from the clerk directing them to pay both a $3 fee for preparation of the record and a $50 transfer fee within 20 days, their counterclaim "stood automatically dismissed without prejudice, pursuant to the Uniform State Court Rules. . . ."

Following the entry of the latter order, the appellants filed an appeal to the state court, which entered an "Order Dismissing Appeal and Confirming Plaintiff's Right of Immediate Execution of Writ of Possession." The latter ruling was based on the court's conclusion that the dispute over possession had been "rendered moot by the fact that the defendants/appellants ha[d] failed to pay into the registry of the [court] rent required to be paid during the pendency of th[e] appeal. . . ." However, the court offered no explanation for its failure to reach the merits of the appeal insofar as it concerned the dismissal of the appellants' counterclaim. We granted the appellants' application for a discretionary appeal to this court. See generally OCGA § 5-6-35. *Held*:

1. It is apparent without dispute from the record that the appellants have failed at all times relevant to these proceedings to pay rent into the registry of the court pursuant to OCGA §§ 44-7-54 and 44-7-56. The order of the state court confirming the appellee's right to possession of the premises is accordingly affirmed. See OCGA § 44-7-54 (b); *Marshall v. U. S. Mgmt. Corp.*, 149 Ga. App. 141, 143 (253 SE2d 818) (1979).

2. We conclude, however, that the state court erred in dismissing the appeal insofar as it dealt with the magistrate's order confirming the "automatic" dismissal of the counterclaim. This ruling by the magistrate was evidently based on Rule T-10 of the Uniform Transfer Rules, reported at 251 Ga. 893, 894, which specifies that an order transferring an action shall "provide notice to the plaintiff that if costs are not paid within twenty (20) days as provided in Rule T-11, the case shall automatically stand dismissed without prejudice." However, Rule T-11 specifically states that it "shall not be applicable in Magistrate Courts." Also, Rule T-10 specifies that the $50 transfer fee is not applicable in magistrate courts. Accordingly, we can find no legal basis for the magistrate's conclusion that the counterclaim "stood automatically dismissed" by operation of law due to the appellants' failure to pay costs.

3. The appellants' remaining arguments concern rulings of the magistrate court which were not reviewed by the state court. As the present appeal is from the judgment entered by the state court rather than the judgment entered by the magistrate court, we are without jurisdiction to address these rulings. See generally OCGA § 15-10-41 (b).

*Judgment affirmed in part and reversed in part. Sognier and*

*Pope, JJ., concur.*

## ON MOTION FOR REHEARING.

On motion for rehearing, the appellants contend that they should not have been required to pay rent into the registry of the court as a condition precedent to appealing the issuance of the dispossessory warrant, because the appellee had by then already retaken possession of the premises. Of course, if that is true, then, as acknowledged by the appellants in their motion for rehearing, "the writ of possession was moot at the time the court authorized execution thereof." The motion for rehearing is accordingly denied.

DECIDED JANUARY 22, 1990 —
REHEARING DENIED FEBRUARY 9, 1990 — 

*Robert M. Goldberg*, for appellants.
*Arnall, Golden & Gregory, James A. Gober, Edward S. Sams*, for appellee.