# Court of Appeals of the State of Georgia

ATLANTA,  November 15, 2023

*The Court of Appeals hereby passes the following order:*

## A24D0125. SPECIAL HESTER v. LOGANVILLE PROPERTIES KI, LLC d/b/a ALEXANDER CROSSING PDQ SERVICES INC.

In this dispossessory action, on October 16, 2023, the Magistrate Court of Walton County entered an order granting a writ of possession to the plaintiff and against the defendant Special Hester. On October 23, 2023, Hester filed this application seeking discretionary review of the magistrate court order. We, however, lack jurisdiction.

"[T]he only avenue of appeal available from [a] magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address an order of the magistrate court only if that order has been reviewed by a state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988); accord Court of Appeals Rule 11 (b).

Accordingly, this application is hereby TRANSFERRED to the Superior Court of Walton County.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*__11/15/2023__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*