# Court of Appeals
# of the State of Georgia

ATLANTA,  April 15, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0335. SAKEMEYIA JOHNSON v. L. HALE.

On March 25, 2025, in this dispossessory action, the Clayton County Magistrate Court issued a writ of possession against defendant Sakemeyia Johnson.[1] Johnson filed this application for discretionary review of the magistrate court's order on March 28, 2025. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). We therefore do not have jurisdiction to address the magistrate court order at issue here. See *Westwind Corp.*, 195 Ga. App. at 411 (1); *Baker*, 194 Ga. App. at 451 (3). The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby

---

[1] Johnson's first name also is spelled "Sekemeyla" in the application materials.

TRANSFERRED to the Clayton County Magistrate Court with direction to send it to the Clayton County Superior Court for disposition.[2]



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 04/15/2025

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] We recognize that we have a limited record upon which to base our determination that jurisdiction over and venue for this case may lie in Clayton County Superior Court. Of course, the superior court is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.