# Court of Appeals
# of the State of Georgia

ATLANTA,  April 25, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0350. ALONZO HINES v. VSP2 HOMES 2 LLC C/O BROCK AND SCOTT PLLC.**

VSP2 Homes 2 LLC C/O Brock and Scott PLLC ("VSP2 Homes") filed this dispossessory action in the Magistrate Court of Henry County seeking past-due rent and a writ of possession for premises leased to Alonzo Hines.  On April 8, 2025, the magistrate court entered judgment granting VSP2 a writ of possession and $5,899.30 in damages. Hines filed this application for discretionary review of the magistrate court's order on April 14, 2025. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).  Given that fact, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411 (1).

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of Henry County with direction to send it to the State Court of Henry County for disposition.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __04/25/2025__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We recognize that we are in possession of a limited record and that our determination that the State Court of Henry County is the proper jurisdiction and venue for this case is limited by that record. Of course, the State Court of Henry County is under the same obligations as this Court in the event it determines that it lacks jurisdiction or that venue lies elsewhere.