# Court of Appeals
# of the State of Georgia

ATLANTA,  May 01, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0357. SABRINA LEWIS v. JKJ CAPITAL, LLC.**

On March 19, 2025, in this dispossessory action, the Magistrate Court of DeKalb County issued a writ of possession against defendant Sabrina Lewis. Lewis then filed this application for discretionary review of the magistrate court's order on April 16, 2025. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).

Pretermitting whether Lewis has sought review in a timely manner,[1] we do not have jurisdiction to address this order from the magistrate court. See *Westwind Corp.*, 195 Ga. App. at 411 (1). The Georgia Constitution, however, provides that "[a]ny

---

[1] As a general matter, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes, LLC*, Case No. A25A0036, slip op. at 7-8 (decided Apr. 22, 2025) (holding that this Court lacks jurisdiction to consider a discretionary application for appeal of a ruling in a dispossessory case filed outside the seven-day deadline in OCGA § 44-7-56).

court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of DeKalb County with direction to send it to the Superior Court of DeKalb County for disposition.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/01/2025*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] We recognize that we are in possession of a limited record and that our determination that the Superior Court of DeKalb County is the proper jurisdiction and venue for this case is limited by that record. Of course, the Superior Court of DeKalb County is under the same obligations as this Court in the event it determines that it lacks jurisdiction or that venue lies elsewhere.