# Court of Appeals
# of the State of Georgia

ATLANTA,  May 19, 2025

*The Court of Appeals hereby passes the following order:*

### A25D0360. CARNEISHA KING v. KENRIDGE NMF, LLC DBA KENRIDGE APARTMENTS.

On March 26, 2025, the DeKalb County Magistrate Court entered an order in favor of plaintiff Kenridge NMF, LLC d/b/a Kenridge Apartments in this dispossessory proceeding. Defendant Carneisha King filed this application for discretionary review on April 22, 2025, seeking leave to appeal the March 26 magistrate court order. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).

Pretermitting whether the magistrate court's order is appealable as a final judgment[1] and further pretermitting whether King has sought review in a timely

---

[1] Under OCGA § 5-3-4 (a), superior and state courts have appellate jurisdiction over final judgments of lower judicatories.

manner,[2] we do not have jurisdiction to address the magistrate court order at issue here. See *Westwind Corp.*, 195 Ga. App. at 411 (1); *Baker*, 194 Ga. App. at 451 (3). The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the DeKalb County Magistrate Court with direction to send it to the DeKalb County Superior Court for disposition.[3]



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  05/19/2025

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[2] See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes*, ___ Ga. App. ___, ___, (___ SE2d ___), Case No. A25A0036, slip op. at 3-8 (Apr. 22, 2025).

[3] We recognize that we have a limited record upon which to base our determination that jurisdiction over and venue for this case may lie in DeKalb County Superior Court. Of course, the superior court is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.