# Court of Appeals
# of the State of Georgia

ATLANTA,  May 27, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0387. ANTJUAN JOHNSON v. GSIC II CITY NORTH LLC d/b/a AVANA CITY NORTH.

On April 29, 2025, the DeKalb County Magistrate Court entered a default judgment in favor of plaintiff GSIC II City North LLC d/b/a Avana City North in this dispossessory proceeding. Defendant Antjuan Johnson filed this application for discretionary review on May 5, 2025, seeking leave to appeal the April 29 magistrate court order. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990).

Pretermitting whether the magistrate court's order is appealable as a final judgment[1] and further pretermitting whether Johnson otherwise is entitled to appellate review in the state or superior court,[2] we do not have jurisdiction to address the

[1] Under OCGA § 5-3-4 (a), superior and state courts have appellate jurisdiction over final judgments of lower judicatories.

[2] A party against whom a default judgment is entered in magistrate court does not have a right to direct appeal but must file a petition for review to the state or

magistrate court order at issue here. See *Westwind Corp.*, 195 Ga. App. at 411 (1); *Baker*, 194 Ga. App. at 451 (3). The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the DeKalb County Magistrate Court with direction to send it to the DeKalb County Superior Court for disposition.[3]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/27/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

superior court. See OCGA § 15-10-41 (b) (2) ("No appeal shall lie from a default judgment . . . . Review . . . shall be by petition for review to the state court of that county or to the superior court of that county."); see generally OCGA § 5-3-6 et seq. (setting forth the procedures applicable to petitions for review).

[3] We recognize that we have a limited record upon which to base our determination that jurisdiction over and venue for this case may lie in DeKalb County Superior Court. Of course, the superior court is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.