# Court of Appeals
# of the State of Georgia

ATLANTA, June 23, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0430. VICANNIA MERISMA v. 782 PEACHTREE NE OWNER LLC d/b/a TRACE MIDTOWN.**

On May 31, 2025, the Magistrate Court of Fulton County issued a writ of possession in favor of Trace Midtown against Vicannia Merisma and all others. On June 6, 2025, Merisma filed this application for discretionary appeal. We, however, lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). As such, we do not have jurisdiction to address this order from the magistrate court. See *Westwind Corp.*, 195 Ga. App. at 411. The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b).

To the extent this filing may be construed as an notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of Fulton County with direction to transmit it to the Superior Court of Fulton County for disposition.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __06/23/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*