# Court of Appeals
# of the State of Georgia

ATLANTA,  June 23, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0420. JANEL POMARE AUGUSTINE v. TEDDY DYNASTY TRUST.**

The Teddy Dynasty Trust filed this dispossessory action against Janel Pomare Augustine in the Magistrate Court of DeKalb County. On May 28, 2025, the magistrate court entered judgment granting the Teddy Dynasty Trust a writ of possession. Augustine filed this application for discretionary review of the magistrate court's order on May 29, 2025. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Given that fact, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411 (1).

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). To the extent this filing may be construed as a

notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of DeKalb County with direction to transmit it to the Superior Court of DeKalb County for disposition.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/23/2025_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] We recognize that we are in possession of a limited record and that our determination that jurisdiction may lie in the Superior Court of DeKalb County is limited by that record. Of course, the Superior Court of DeKalb County is under the same obligations as this Court in the event it determines that it lacks jurisdiction or that venue lies elsewhere.