# Court of Appeals
## of the State of Georgia

ATLANTA, June 23, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0436. NADIA RIVERA v. OLD FORD PROPERTIES (MICHAEL EDWARDS)

Old Ford Properties (Michael Edwards) ("Old Ford") filed this dispossessory action in the Magistrate Court of Cobb County seeking a writ of possession for premises leased to Nadia Rivera and recovery of past-due rent. On June 3, 2025, the magistrate court entered judgment granting Old Ford a writ of possession and awarding it $5,205.50 in damages. Rivera filed this application for discretionary review of the magistrate court's order on June 10, 2025. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Given that fact, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411.

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that

jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of Cobb County with direction to transmit it to the State Court of Cobb County for disposition.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __06/23/2025_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We recognize that we are in possession of a limited record and that our determination that the State Court of Cobb County is the proper jurisdiction and venue for this case is limited by that record. Of course, the State Court of Cobb County is under the same obligations as this Court in the event it determines that it lacks jurisdiction or that venue lies elsewhere.