# Court of Appeals
# of the State of Georgia

ATLANTA,  July 01, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0441. BOBBY CURTIS v. MCAULEY PARK I LLC.

In this dispossessory action, after the Magistrate Court of Fulton County entered judgment in favor of McCauley Park I LLC, Bobby Curtis filed an application for discretionary review. We, however, lack jurisdiction.

Assuming without deciding that the order Curtis seeks to appeal is a final one, we nevertheless lack jurisdiction to consider it. Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Here, there has been no review of the magistrate order by a state or superior court and, accordingly, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411.

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby

TRANSFERRED to the Magistrate Court of Fulton County with direction to transfer the case to the appropriate court.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  07/01/2025*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We recognize that we have a limited record and that our determination regarding the proper jurisdiction and venue for this case is restricted by that record. Of course, the State or Superior Court of Fulton County is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.