# Court of Appeals
# of the State of Georgia

ATLANTA,  July 11, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0470; A25D0455. MAY v. HPA II BORROWER 2020-1 ML LLC, TAH GEORGIA LLC (two cases).**

In the underlying dispossessory action, the magistrate court first entered an interlocutory order granting the landlord's motion to compel against tenant Megan May. The magistrate court subsequently entered a writ of possession and final judgment of $25,529.56 against May. May filed a separate application for discretionary review from each order. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023). See also OCGA § 5-3-4 (a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). This court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e. g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Because there has been no review by a state or superior court of the magistrate court order in either Case No. A25D0470 or Case No. A25D0455, we lack jurisdiction to consider the applications. See *Westwind Corp.*, 195 Ga. App. at 411 (1).

Where, as here, "we lack jurisdiction over a civil case, we are bound to transfer the case to the appropriate court that has jurisdiction." *Arnold v. Alexander*, 321 Ga. 330, 337 (2) (914 SE2d 311) (2025). See Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII

("Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere."); Court of Appeals Rule 11 (b) ("When an appeal or application filed in this Court is within the jurisdiction of another court, it shall be transferred by order to that court.").

Accordingly, we hereby TRANSFER the applications in both cases to the Magistrate Court of Fulton County with direction to transfer those cases to the state court.[1]



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  07/11/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] We recognize that we have a limited record and that our determination regarding the proper jurisdiction and venue for these cases is restricted by that record. The State Court of Fulton County is under the same obligations as this court if it determines that it lacks jurisdiction or that venue lies elsewhere.