# Court of Appeals
# of the State of Georgia

ATLANTA, _July 17, 2025_

*The Court of Appeals hereby passes the following order:*

## A25D0486. SHAWN ANDERSON v. LARKIN STREET HOMES, LLC.

Larkin Street Homes, LLC ("Larkin Street") filed this dispossessory action in the Magistrate Court of Fulton County seeking past-due rent and a writ of possession for premises leased to Shawn Anderson. On June 26, 2025, the magistrate court entered judgment granting Larkin Street a writ of possession and $6,831.87 in past due rent. Anderson then filed this application for discretionary review of the magistrate court's order. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Given that fact, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411 (1). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of Fulton County with direction to send it to the State Court of Fulton County for

disposition.[1]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*___07/17/2025_____

        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*

        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We recognize that we are in possession of a limited record and that our determination that the State Court of Fulton County is the proper jurisdiction and venue for this case is limited by that record. Of course, the State Court of Fulton County is under the same obligations as this Court in the event it determines that it lacks jurisdiction or that venue lies elsewhere.