# Court of Appeals
# of the State of Georgia

ATLANTA, July 24, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0469. JACQUELINE WOODWARD v. 6520 HILLANDALE LLC.

On June 25, 2025, the Gwinnett County Magistrate Court entered an order granting plaintiff 6520 Hillandale LLC, Balfour Residential a writ of possession and awarding the plaintiff past-due rent and court costs. Defendant Jacqueline Woodward filed this application for discretionary review on June 27, 2025, seeking leave to appeal the June 25 magistrate court order.[1] We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Gwinnett County

---

[1] Although the magistrate court order that Woodward included with her application materials is not file-stamped, in violation of Court of Appeals Rule 31 (c), her application was timely filed less than seven days after the magistrate court signed the order. See OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes*, 375 Ga. App. 513, 514-516 (915 SE2d 91) (2025).

Magistrate Court with direction to send it to the Gwinnett County Superior Court for disposition.[2]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,____07/24/2025_____*

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] We recognize that we have a limited record upon which to base our determination that jurisdiction over and venue for this case may lie in Gwinnett County Superior Court. Of course, the superior court is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.