# Court of Appeals
# of the State of Georgia

ATLANTA,  July 28, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0007. ALISON LEVASSUER v. WAVERTON CS DEL LLC D/B/A SKYLINEATL.

Dissatisfied with the outcome of a dispossessory action, Alison Levassuer filed a motion to vacate or stay a writ of possession in magistrate court, which the court denied. Levassuer then filed this application for discretionary review of the magistrate court's order in this Court. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Given that fact, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411 (1).

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of Fulton County with direction to send

it to the State Court of Fulton County for disposition.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/28/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We recognize that we have a limited record upon which to base our determination that jurisdiction over and venue for this case may lie in Fulton County State Court. Of course, the state court is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.