# Court of Appeals
# of the State of Georgia

ATLANTA, July 31, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0480. DESHI KAYIN DAVIS v. TPH PROPERTY MANAGEMENT.**

In this dispossessory action, the DeKalb County Magistrate Court entered a consent judgment between Deshi Davis and TPH Property Management on June 9, 2025. On July 1, Davis filed an application for discretionary review in this Court from that order. We, however, lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023); see also OCGA § 5-3-4 (a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b).

Accordingly, this application is hereby TRANSFERRED to the Magistrate

Court of DeKalb County with direction to send it to the State Court of DeKalb County for disposition.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  07/31/2025

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We recognize that we have a limited record upon which to base our determination that jurisdiction over and venue for this case may lie in DeKalb County State Court. Of course, the state court is under the same obligations as this Court if it determines that it lacks jurisdiction or that venue lies elsewhere.