# Court of Appeals
# of the State of Georgia

ATLANTA, September 02, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0040. DARRELL DAVANTES v. QUARRY FO, LLC d/b/a THE QUARRY.

In this dispossessory action, the magistrate court entered a writ of possession in favor of plaintiff Quarry Fo, LLC on July 16, 2025. Darrell Davantes filed an application for discretionary review to this Court on August 11, 2025. We, however, lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023); see also OCGA § 5-3-4 (a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b).

As such, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court. Here, however, Davantes's application is untimely because it was filed more than seven days after the entry of the magistrate court's order. See

OCGA § 44-7-56 (b) (1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516-517 (915 SE2d 91) (2025); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).[1]

Accordingly, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, the application is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__09/02/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] We also note that Davantes challenges a magistrate court order to which he consented. See *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 656 (1) (c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (punctuation omitted).