# Court of Appeals
# of the State of Georgia

ATLANTA, September 23, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0409. CHRISTIE ROBERTS v. IRFAN RANA.

In this dispossessory action, Christie Roberts received an adverse ruling in magistrate court. She then filed a notice of appeal to this Court. We, however, lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023); see also OCGA § 5-3-4 (a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. Sav. & Loan Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Here, there has been no review of the magistrate order by a state or superior court and, accordingly, we lack jurisdiction to consider this appeal. See *Westwind Corp.*, 195 Ga. App. at 411 (1).

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b).

Accordingly, this application is hereby TRANSFERRED to the Magistrate Court of Newton County with direction to transfer the case to the superior court for disposition.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 09/23/2025

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*