# Court of Appeals
# of the State of Georgia

ATLANTA, December 31, 2025

*The Court of Appeals hereby passes the following order:*

**A26D0232. MEGAN E. MAY v. HPA II BORROWER LLC.**

HPA II Borrower LLC ("HPA II") brought a dispossessory action against Megan May in magistrate court, and the magistrate court entered a default judgment against her on June 26, 2025. In the order, the court granted HPA II an immediate writ of possession and a money judgment. May filed applications for discretionary review;[1] because there had been no review of the magistrate court orders by a state or superior court, we transferred the cases to the magistrate court with direction to transfer them to the appropriate lower court for review. See A25D0470 and A25D0455 (July 11, 2025). May then apparently filed a petition for review in superior court, which that court dismissed on October 31, 2025.[2] On November 25, 2025, the magistrate court entered an order stating that because the superior court dismissed May's petition for review, the default judgment entered on June 26, 2025 stands, and the writ of possession may be executed instanter. May then filed this application for discretionary review from the magistrate court's November 25 order. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which allows for appellate review in

---

[1]May filed two applications, seeking to appeal both the entry of default judgment as well as a prior order granting a motion to compel.

[2]The petition for review and superior court order are not included with the application materials.

the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023); see OCGA § 5-3-4 (a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, as we informed May in connection with her previous applications, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b).

However, we have already transferred May's appeal to magistrate court in order for her to pursue an appeal. It appears that her pursuit of that appeal was unsuccessful. By filing this application for discretionary appeal from the re-entry of that order in magistrate court, May essentially seeks an impermissible second appeal of the magistrate court's ruling. See *Massey v. Massey*, 294 Ga. 163, 165 (2) (751 SE2d 330) (2013) ("Where a party puts the machinery of immediate appellate review into motion, yet commits a procedural defect fatal to [her] appeal, that party is foreclosed from thereafter resubmitting the matter for review on appeal. This rule is sometimes

framed in terms of res judicata or law of the case, but the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order.") (citation and punctuation omitted).

Accordingly, the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 12/31/2025
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*