# Court of Appeals
# of the State of Georgia

ATLANTA, January 20, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0309. CHARLENE LOWE v. SFR JV-1 PROPERTY LLC et al.

SFR JV-1 Property LLC and TAH Georgia LLC ("plaintiffs") filed this dispossessory action in the Magistrate Court of Henry County against Laura Gronski, Charlene Lowe, and all other occupants. On January 12, 2026, the magistrate court entered judgment granting plaintiffs a writ of possession. Lowe filed this application for discretionary review of the magistrate court's order on January 15, 2026. We lack jurisdiction.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b)(1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Federal Savings & Loan Ass'n*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). Accordingly, we lack jurisdiction to consider this application. See *Westwind Corp.*, 195 Ga. App. at 411 (1).

The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). To the extent this filing may be construed as a notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of Henry County with direction to transmit it to the State or Superior Court of Henry County

for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__01/20/2026_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] We recognize that we are in possession of limited record material and that our determination that jurisdiction may lie in the state or superior court is restricted by the dearth of information. Thus, our ruling should not constrain the magistrate, superior, or state court to the extent those courts determine either that Lowe has not perfected her right to appeal or that jurisdiction lies elsewhere.