# Court of Appeals
# of the State of Georgia

ATLANTA, February 11, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0317. KRISTINA BRYANT v. 4719 CENTRAL DRIVE, LLC AS THE SUCCESSOR IN INTEREST TO FB MOUNTAIN OAKS, LLC**

4719 Central Drive, LLC, as the successor in interest to FB Mountain Oaks, LLC ("Landlord") filed this dispossessory action in magistrate court seeking past-due rent and a writ of possession for premises leased to Kristina Bryant. On January 9, 2026, the magistrate court entered a consent judgment awarding Landlord $3,979.05 in back rent and finding that Landlord was entitled to apply for a writ of possession on or after January 12, 2026. After Bryant failed to pay any back rent, Landlord obtained a writ of possession on January 16, 2026. On January 21, 2026, Bryant filed this application for discretionary appeal. For reasons explained below, the application must be dismissed.

Ordinarily, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411(1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451(3) (391 SE2d 1) (1990).

Despite our lack of jurisdiction over this application, the Georgia Constitution authorizes us to "transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI,

Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b). As such, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court. Here, however, Bryant cannot attack the magistrate court's order because she consented to the judgment. See *Hurt v. Norwest Mtg., Inc.*, 260 Ga. App. 651, 656(1)(c) (580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which [s]he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (punctuation omitted). Thus, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, the application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/11/2026*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*