# Court of Appeals
# of the State of Georgia

ATLANTA, March 26, 2026

*The Court of Appeals hereby passes the following order:*

**A26D0410. AKISHA REID v. THE SPOKE AT PEACHTREE CORNERS, LLC d/b/a SPOKE AT PEACHTREE CORNERS.**

On March 12, 2026, Akisha Reid filed an application for discretionary review of a purported March 12, 2026 order of the Magistrate Court of Gwinnett County commanding execution of a previously granted writ of possession. "But . . . the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411 (1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451 (3) (391 SE2d 1) (1990). So pretermitting whether Robinson has sought review in a timely manner,[1] we do not have jurisdiction to address the magistrate court order. See *Westwind Corp.*, 195 Ga. App. at 411.

However, the Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. Accord Court of Appeals Rule 11 (b) ("When an appeal or application filed in this Court is within

---

[1] See OCGA § 44-7-56 (b) (1) (appeals in dispossessory actions must be filed within seven days of the date the judgment was entered).

the jurisdiction of another court, it shall be transferred by order to that court."). Accordingly, this application is hereby transferred to the Magistrate Court of Gwinnett County with direction to send it to the State or Superior Court of Gwinnett County for disposition.[2]



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 03/26/2026
            *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

            *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Our determination that jurisdiction and venue lies in the State or Superior Court of Gwinnett County is based on the limited record before us. The state and superior court is under the same obligations as this court if it determines that it lacks jurisdiction or that venue lies elsewhere.